United States District Court

Eastern District of California

Keith M. Cassells,

        Plaintiff,

   vs.

D. Mehta, et al.,

        Defendants.

No. Civ. S 04-1798 FCD PAN P

Findings and Recommendations

-oOo-

    Plaintiff is a prisoner, without counsel, seeking redress for violation of his civil rights and claims: (1) defendant Dr. Mehta misdiagnosed plaintiff's March 2002 complaint of numbness and tingling in his leg and foot; (2) defendants Mehta, Donahue and Bick delayed seven months before sending plaintiff for a follow-up visit after surgery to correct herniated discs in his neck; (3) in December 2003, defendants Dr. Mehta and Dr. Bick failed to provide plaintiff with an eggcrate mattress to ease discomfort in plaintiff's arms, hands and neck; (4) Dr. Mehta was

1 deliberately indifferent to plaintiff's neck injury by
2 substantially delaying "revision surgery" on plaintiff's neck.
3 Defendants move to dismiss upon the ground plaintiff failed to
4 exhaust the available administrative remedies.
5      On a motion to dismiss for failure to exhaust available
6 administrative remedies, the court may look beyond the pleadings
7 and decide disputed facts. Wyatt v. Terhune, 315 F.3d 1108 (9th
8 Cir. 2002).  42 U.S.C. § 1997e(a) provides that a prisoner may
9 bring no § 1983 action until he has exhausted such administrative
10 remedies as are available.  The requirement is mandatory.  Booth
11 v. Churner, 532 U.S. 731, 741 (2001).  The administrative remedy
12 must be exhausted before suit is brought and a prisoner is not
13 entitled to a stay of judicial proceedings in order to exhaust.
14 McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002).  Where a
15 litigant requests leave to proceed in forma pauperis, suit
16 commences when the request is granted.  See 28 U.S.C.
17 § 1915(a)(1) (court may "authorize commencement" of suit without
18 prepayment of filing fee for person demonstrating inability to
19 pay).
20      California prisoners may appeal "any departmental decision,
21 action, condition, or policy which they can demonstrate as having
22 an adverse effect upon their welfare."  15 Cal. Admin. Code
23 § 3084.1(a).  The regulations require the use of specific forms
24 but contain no guidelines for grievance content.  15 Cal. Admin.
25 Code §§ 3084.2, 3085 (designating use of CDC Form 602
26 Inmate/Parolee Appeal Form for all grievances except those

1 related to disabilities under the Americans with Disabilities
2 Act, which are filed on CDC Form 1824, Reasonable Modification or
3 Accommodation Request).  Prisoners ordinarily must present their
4 allegations on one informal and three formal three formal levels
5 of review.  15 Cal. Admin. Code § 3084.5.  While presentation on
6 the third level, the Director's Level of Review, exhausts the
7 remedy for departmental purposes, 15 Cal. Admin. Code §
8 3084.1(a), when prisoners cannot present their allegations on any
9 subsequent level, they have exhausted available remedies for
10 purposes of 42 U.S.C. § 1997e(a).  <u>Ngo v. Woodford</u>, 403 F.3d 620
11 (9th Cir. 2005).  Defendant has the burden of identifying the
12 remedies that remain available.  <u>Ibid.</u>

13    March 22, 2004, plaintiff submitted a grievance alleging:

14    I was diagnosed with the herniated L5/S1 disc on Dec.
       Of 2002, and have been awaiting surgery since June of
15     2003 to relief the pain and some of the neuropathy.  I
       was evaluated by Dr. Remington, Doctor's Hospital in
16     Modesto as the surgeon, Dr. Capazoli, as the
       neurologist here at California Medical Facility.
17     Revision surgery on neck fusion that had not fused was
       also pending the conclusion of surgery on L5/S1.  Due
18     to staff negligence, I've been waiting over 9 ½ months
       for them to follow-up on Dr. Remington's orders, and
19     for surgeries to be performed, causing further damage,
       pain and decay.
20
   Plaintiff requested all recommended surgeries be performed and he
21
   sought damages.
22
       April 9, 2004, R. L. Andreasen partially granted the appeal.
23
       April 21, 2004, plaintiff appealed, alleging:
24
       Time and again, I've had to track down medical staff
25     and request that a follow-up be done on my medical-
       cervical and spinal situation.  Looking through my
26     medical records (2002-2004), doctors' notes and orders,

3

deliberate indifference to my serious medical needs is noted and it is demonstrated that medical deprivation was/is objectively serious and prison medical staff subjectively know about this deprivation and refused to remedy it by waiting for over two (2) years to get a second opinion on the cervical fusion done in January of 2002 by Dr. Remington in Modesto and after further discussion with Dr. Remington about a need for lower back (L5/S-1) surgery in Sept. Of 2003 * Note MIR of 12-02 . . . And 9 or 10-03 . . . It was 90 days after the later MRI that a second opinion was suggested. It has been obvious I've had no cervical fusion for over two years and in great pain. This delay in treatment has exacerbated my condition, inclusive of physical damage, mobility impairment and neuropathy, along with pain and suffering. Physicians are aware of the risk that exist in my lack of treatment in a timely manner and the damages and impairment done by delay. Deprivation of medical attention leads to serious medical complications and irreversible damages, putting my physical being, safety at risk due to this inadequate medical attention to my spine. I cite for medical indifference and negligence and request monetary compensation for damages done, pain and suffering.

April 26, 2004, defendant Khoury partially granted the appeal.

May 19, 2004, plaintiff appealed to the Director's Level of Review alleging the second-level reviewer overlooked plaintiff's central complaint:

> That is not the issue! The issue was and is the fact that : A.) I have already had one (1) discectomy (removal of 3 disks [sic] from my neck at C-5, 6, & 7 with alloy graft) surgery which hasn't fused in 2 years & 4 months; B.) With a contingency plan as of May 2003 to have first my lower back (L5-S-1) herniated disk [sic] repaired, then go back into my neck for revision surgery. The hope was my neck may still fuse on its own and it has not and I'm basically walking around in prison with a broken neck in regression with a potential for further damage and possible paralyzation - all because now in the case of my lower back you defer to 2nd opinion - in clear violation of DDR-3350(A)(B)(1,4,5,) delaying off-site health care as in 3350.2 (A&B). Further, this facility violates

1   3352&3352.1 of DDR, in that they have had over a year
to meet, approve, disapprove or decide on a need for a
2   second opinion. My original surgery was done 01-10-02!
Incomplete to date.

   Please note, in area of 2nd level response: First
4   sentence under "Findings." I have no cervical disk
[sic] in area being discussed in this appeal. They
5   were removed. There is no fusion. That is part of the
issue on appeal. This situation needs to be addressed,
6   dealt with. This further proves my claim of medical
negligence and deliberate indifference. The 2nd level
7   appeal response doesn't even address the issues brought
up by this appeal and the findings are based on faulty
8   information, or misunderstanding thereof. And I'm
still seeking monetary compensation for damages done by
9   negligence, deliberate indifference.

10   June 21, 2004, the appeal was denied.

11   Defendants assert some claims are unexhausted because

12 plaintiff failed to include in his appeals all allegations made

13 in his civil rights complaint, including the names of all

14 defendants. The Ninth Circuit has explained that a California

15 prisoner who correctly completes an appeal form provided by

16 prison officials provides information adequate to exhaust the

17 administrative remedy for claims arising under the Americans with

18 Disabilities Act. See Butler v. Adams, 397 F.3d 1181 (9th Cir.

19 2005). Plaintiff described the problems arising from delay in

20 obtaining treatment for his neck and back and he requested

21 specific remedies. This was sufficient to exhaust these claims.

22 It was not sufficient to exhaust his claim that in 2002 defendant

23 Mehta misdiagnosed him.

24   For these reasons, I recommend the following:

25   1.  Defendants' December 3, 2004, motion be granted in part;

26   2.  Plaintiff's claim that in 2002 defendant Mehta was

deliberately indifferent to his serious medical needs by misdiagnosing plaintiff's symptoms be dismissed without prejudice;

3. That defendants' December 3, 2004, motion to dismiss be denied in all other respects and that defendants be directed to file and serve an answer to the complaint within 30 days.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1), these findings and recommendations are submitted to the United States District Judge assigned to this case. Within 20 days after being served with these findings and recommendations, plaintiff may file written objections. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge may accept, reject, or modify these findings and recommendations in whole or in part.

Dated: July 12, 2005.

                /s/ Peter A. Nowinski
                PETER A. NOWINSKI
                Magistrate Judge