1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KEITH M. CASSELLS,

11          Plaintiff,                    No. CIV S-04-1798 FCD PAN P

12      vs.

13   D. MEHTA, et al.,

14          Defendants.            FINDINGS & RECOMMENDATIONS

15   _____/

16          Plaintiff is a state prisoner without counsel seeking relief pursuant to 42 U.S.C.

17   § 1983.  This action proceeds on plaintiff's claims that  (1) defendants Mehta, Donahue and Bick

18   delayed seven months before sending plaintiff for a follow-up visit after surgery to correct

19   herniated discs in his neck; (2) in December 2003, defendants Dr. Mehta and Dr. Bick failed to

20   provide plaintiff with an egg-crate mattress to ease discomfort in plaintiff's arms, hands and

21   neck; and (3) Dr. Mehta was deliberately indifferent to plaintiff's neck injury by substantially

22   delaying "revision surgery" on plaintiff's neck.  On April 7, 2005, plaintiff filed a request for a

23   temporary restraining order and a preliminary injunction.  He seeks an order directing, (1) an end

24   to retaliation by defendants Mehta, Khoury, Andreasen, Bick, Donahue and Kearney; (2) that

25   defendant D. Mehta be relieved of his duty as plaintiff's primary care physician, (3) he be given

26   "appropriate medical care and treatment;" and (4) that he not be transferred to a different prison

1

1    in retaliation for filing this lawsuit.  On April 25, 2005, defendants filed an opposition.

2                    STANDARDS GOVERNING PRELIMINARY INJUNCTIVE RELIEF

3                   The purpose in issuing a temporary restraining order is to preserve the status quo

4    pending a fuller hearing.  The cases contain limited discussion of the standards for issuing a

5    temporary restraining order due to the fact that very few such orders can be appealed prior to the

6    hearing on a preliminary injunction.  It is apparent however, that requests for temporary

7    restraining orders which are not ex parte and without notice are governed by the same general

8    standards that govern the issuance of a preliminary injunction.  See New Motor Vehicle Bd. v.

9    Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977) (Rehnquist, J.); Los Angeles Unified Sch.

10   Dist. v. United States Dist. Court, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J. dissenting);

11   Century Time Ltd. v. Interchron Ltd., 729 F. Supp. 366, 368 (S.D.N.Y. 1990).  In many cases the

12   emphasis of the court is directed to irreparable harm and the balance of hardships because the

13   merits of a controversy are often difficult to ascertain and adjudicate on short notice.

14                   The legal principles applicable to a request for preliminary injunctive relief are

15   well established.  "The traditional equitable criteria for granting preliminary injunctive relief are

16   (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff

17   if the preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4)

18   advancement of the public interest (in certain cases)."  Dollar Rent A Car v. Travelers Indem.

19   Co., 774 F.2d 1371, 1374 (9th Cir. 1985).  The criteria are traditionally treated as alternative

20   tests.  "Alternatively, a court may issue a preliminary injunction if the moving party demonstrates

21   'either a combination of probable success on the merits and the possibility of irreparable injury or

22   that serious questions are raised and the balance of hardships tips sharply in his favor.'"  Martin

23   v. International Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984) (quoting William Inglis &

24   Sons Baking Co. v. ITT Continental Baking Co., 526 F.2d 86, 88 (9th Cir. 1975)).  The Ninth

25   Circuit has reiterated that under either formulation of the principles, if the probability of success

26   on the merits is low, preliminary injunctive relief should be denied:

                                                          2

> Martin explicitly teaches that "[u]nder this last part of the
> alternative test, even if the balance of hardships tips decidedly in
> favor of the moving party, it must be shown as an irreducible
> minimum that there is a fair chance of success on the merits."

Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) (quoting

Martin, 740 F.2d at 675).

ANALYSIS

In support of his motion, plaintiff alleges generally that defendant Mehta has refused to renew plaintiff's medications.  Plaintiff does not, however, allege what medications defendant Mehta has refused to renew or whether defendant Mehta has substituted other medications.  Plaintiff has not submitted any medical records to substantiate his allegation.  Even assuming plaintiff's allegation is true, plaintiff fails to provide any evidence from which the court could find he faces a likelihood of irreparable harm or that the balance of hardships tilts in his favor.  Nor does plaintiff provide information that would permit the court to tailor a specific order to address the problem.  See 18 U.S.C. § 3626.

Plaintiff also alleges that on April 1, 2005, he appeared for a scheduled medical appointment to have a prescription renewed and other unspecified treatment.  Plaintiff stated he wanted to see a different physician.  Four individuals not parties to this action discussed plaintiff's refusal to see defendant Mehta and expressed concern that plaintiff would cause a disturbance.  These individuals refused his request and made him sign a slip stating he refused medical treatment.  There is no showing that plaintiff is threatened with irreparable harm as a result of this incident and, in any event, it is not clear this court could grant any relief based on it. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969) (only parties or non-parties with notice who are shown to be in active concert or participation with defendants may be enjoined under Federal Rule of Civil Procedure 65.).

His allegations notwithstanding, plaintiff has made no showing any defendant, or any person in active concert or participation with any defendant, has taken any adverse action

against him because of this lawsuit.  See Rhodes v. Robinson, 408 F.3d 559 (9th Cir. 2005).  He

has therefore failed to show he is entitled to a temporary restraining order or a preliminary

injunction.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's April 7, 2005,

motion be denied.

These findings and recommendations are submitted to the United States District

Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days

after being served with these findings and recommendations, plaintiff may file written objections.

The document should be captioned "Objections to Magistrate Judge's Findings and

Recommendations."  Failure to file objections within the specified time may waive the right to

appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 6, 2006.


UNITED STATES MAGISTRATE JUDGE

\004
\cass1798. f&r 49a

4