IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEITH M. CASSELLS,

    Plaintiff,                    No. CIV S-04-1798 FCD PAN P

    vs.

DR. D. MEHTA, et al.,

    Defendants.             ORDER

_____/

        Plaintiff is a prisoner without counsel seeking relief pursuant to 42 U.S.C. § 1983. He claims (1) defendants Mehta, Donahue and Bick delayed seven months before sending plaintiff for a follow-up visit after surgery to correct herniated discs in his neck; (2) in December 2003, defendants Dr. Mehta and Dr. Bick failed to provide plaintiff with an eggcrate mattress to ease discomfort in plaintiff's arms, hands and neck; (3) Dr. Mehta was deliberately indifferent o plaintiff's neck injury by substantially delaying "revision surgery" on plaintiff's neck. On December 27, 2005, and January 13, 2006, plaintiff filed a motion for an order directing defendants to respond to plaintiff's first request for production of documents pursuant to Fed. R. Civ. P. 37(a)(2)(B). On January 11, 2006, and January 31, 2006, defendants filed oppositions.

DISCOVERY STANDARDS

        Parties may obtain discovery regarding any matter, not privileged, that is relevant

1  to the claim or defense of any party.  Fed. R. Civ. P. 26(b)(1).  Information sought need not be
2  admissible at trial if the discovery is reasonably calculated to lead to the discovery of admissible
3  evidence.  Id.  The court may limit discovery if it determines the discovery sought is
4  unreasonably cumulative or obtainable from a more convenient or less expensive source, the
5  party seeking discovery had ample opportunity to obtain the information sought, or the burden or
6  expense of the proposed discovery outweighs its likely benefit.  Fed. R. Civ. P. 26(b)(2).  A party
7  has a continuing duty to supplement, correct or amend discovery responses if the court so orders
8  or if the party learns the responses were in some material respect incorrect or incomplete and the
9  information has not otherwise been made available to other parties.  Fed. R. Civ. P. 26(e)(2).
10              Any party may request any other party produce for inspection documents
11  including writings, drawings, graphs, charts or data compilations.  Fed. R. Civ. P. 34(a).  The
12  requesting party must identify the items to be produced and the party upon whom the request is
13  made must make a written response stating that inspection will be permitted as requested, unless
14  the party objects and states the basis therefor.  Fed. R. Civ. P. 34(b).
15              A party may move for an order compelling discovery with respect to objections or
16  other failure to respond to interrogatories or requests to produce documents.  Fed. R. Civ. P.
17  37(a)(2)(B), 34(b).  When a party upon whom interrogatories or requests for production of
18  documents have been served fails to respond but then makes the required disclosure after party
19  seeking discovery files a motion to compel, the court may order the non-moving party to pay
20  reasonable expenses incurred in making the motion.  Fed. R. Civ. P. 37(4)(A).
21                                          ANALYSIS
22              Defendants contend plaintiff has not certified that he "has in good faith conferred
23  or attempted to confer" with them as required by Fed. R. Civ. P. 37(a)(2)(B).  This rule provides
24  that:
25      If a deponent fails to answer a question propounded or submitted under Rules 30
        or 31, or a corporation or other entity fails to make a designation under Rule
26      30(b)(6) or 31(a), or a party fails to answer an interrogatory submitted under Rule

33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request.  The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action. When taking a deposition on oral examination, the proponent of the question may complete or adjourn the examination before applying for an order.

Insofar as defendants did not respond that inspection would be permitted as requested, plaintiff makes no showing he conferred or attempted to confer.

Defendants also assert plaintiff did not direct his discovery request to any particular party and so they do not know who should respond.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's December 27, 2005, motion for an order compelling disclosure is denied;

2. Any future discovery requests must be directed to a particular party; and

3. Any future motion to compel must be accompanied by a certification that plaintiff has attempted informally to resolve the discovery dispute, as by writing a letter to defendants' counsel;

4. Plaintiff is advised that any future motion to compel discovery should be accompanied by a copy of the discovery request and response that are at issue.  See Local Rules 33-250, 34-250, 36-250.

DATED: April 7, 2006.

UNITED STATES MAGISTRATE JUDGE

\004\dny mtc discov (#42, 46).