IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEITH CASSELLS,

      Plaintiff,                              No. CIV S-04-1798 FCD EFB P

      vs.

D. MEHTA, et al.,

      Defendants.                      Order

_____/

       Plaintiff is a prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff has filed a document styled, "Motion in Limine."

       Plaintiff asserts that during his deposition, defendants inquired into matters not relevant to this action. He seeks an order prohibiting the use of evidence that is "irrelevant, inadmissible and prejudicial." A motion to exclude evidence at trial is premature at this time an any such motion should be brought within the time prescribed in the final pretrial order, once it issues.

       It also appears that plaintiff is disputing whether these matters are subject to discovery at all. "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1). Information is relevant if it is "reasonably calculated to lead to the discovery of admissible evidence," even though the information itself may not be admissible. Id.

1      Plaintiff identifies no question at deposition to which he objected upon the ground it was
2 outside the scope of discovery and the court cannot rule on the relevance of evidence in the
3 abstract.  On the record before the court there are no grounds upon which to conclude that the
4 matters inquired into during plaintiff's deposition were not properly subject to discovery.  To the
5 extent plaintiff contends that these topics are irrelevant, plaintiff may move to exclude evidence
6 in advance of trial or object to evidence when offered in a particular proceeding.

     Accordingly, plaintiff's July 19, 2006, motion in limine is denied.

     So ordered.

Dated: August 29, 2006.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

\cass1798.dny m in limine