IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEITH M. CASSELLS,

      Plaintiff,                             No. CIV S-04-1798 FCD EFB P

     vs.

D. MEHTA, et al.,

      Defendants.                   FINDINGS AND RECOMMENDATIONS

_____/

      Plaintiff is a prisoner without counsel seeking relief for civil rights violations. *See* 42 U.S.C. § 1983. This action proceeds on plaintiff's August 27, 2004, complaint. Defendants have answered. On April 24, 2006, plaintiff filed a motion to amend the complaint. Defendants have filed an opposition.

      After service of a responsive pleading, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "[A]fter a brief period in which a party may amend as of right," leave to amend is "within the sound discretion of the trial court." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Rule 15(a)'s liberal policy in favor of amendment is "subject to the qualification that amendment of the complaint does not cause the opposing party undue prejudice, is not sought in bad faith, and does not constitute an exercise in futility." *DCD*

1   *Programs, LTD., v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).  A district court does not err by
2   denying leave to amend when the amendment would be futile or where the amended complaint
3   would be subject to dismissal.  *Saul v. United States*, 928 F.2d 829, 844 (9th Cir. 1991).

4   In his initial complaint, plaintiff stated he wished to sue certain defendants of whose
5   identities he was unsure.   The court admonished him that he must promptly identify those
6   persons and seek leave to amend the complaint to add them as parties defendant.

7   Plaintiff has identified Donahue as the medical records supervisor, and alleges that she
8   failed to train subordinate staff in how to post data from sources outside the facility, thereby
9   delaying his medical treatment and causing records to be altered.  Amended Complaint at 13.

10  To state a claim premised on the allegation that defendant provided constitutionally
11  inadequate medical care, plaintiff must allege acts or omissions evidencing that defendant knew
12  of and disregarded plaintiff's serious medical needs.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976);
13  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Neither negligence on the part of defendant nor
14  plaintiff's general disagreement with the treatment he received suffices to state a claim.  *Estelle*,
15  429 U.S. at 106; *Hutchinson v. United States*,  838 F.2d 390, 394 (9th Cir. 1988); *Jackson v.*
16  *McIntosh*, 90 F.3d 330, 331 (9th Cir. 1996).   A supervisor is liable for constitutional violations
17  of his subordinates if he participated in or directed the violations, or knew of the violations and
18  failed to act to prevent them, *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989), or if he
19  implemented a policy so deficient that the policy itself is a repudiation of constitutional rights
20  and is the moving force of the constitutional violation. *Hansen v.  Black*, 885 F.2d 642, 646 (9th
21  Cir.1989).

22  Accepting plaintiff's allegations as true, there is no basis for finding that in her role as
23  medical records supervisor, defendant Donahue violated plaintiff's right to minimally adequate
24  medical care under the Eighth Amendment.

25  Plaintiff identifies Margaret Kilian as a nurse associated with Utilization Management,
26  and brings this action for damages against her in her official capacity.  Amended Complaint at

12. A suit for damages against a state officer in his official capacity is a suit against the state. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *see also Brandon v. Holt*, 469 U.S. 464, 471-472 (1985) (in official capacity suit, defendant's actions are equated with those of the entity). Plaintiff cannot amend his complaint to add a claim for damages against this defendant in her official capacity.

Since plaintiff has not stated a cognizable claim against defendants Donahue and Kilian, the claims would be subject to dismissal upon a properly filed motion to dismiss. *See* Fed. R. Civ. P. 12(b)(6). Therefore, amendment would be futile.

Accordingly, it is hereby RECOMMENDED that plaintiff's April 24, 2006, motion to amend the complaint be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 12, 2006.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE