IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEITH M. CASSELLS,

      Plaintiff,                     No. CIV S-04-1798 FCD EFB P

   vs.

D. MEHTA, et al.,

      Defendants.         <u>ORDER</u>

_____/

     Plaintiff is a prisoner without counsel seeking relief for alleged civil rights violations. *See* 42 U.S.C. § 1983. This action proceeds on the April 25, 2005, amended complaint. Currently pending before the court is defendants' motion for summary judgment, which plaintiff has opposed. Defendants have replied to plaintiff's opposition. Plaintiff has filed two identical requests for an extension of time to file an opposition to defendants' reply. He also seeks leave to correct any deficiencies in his opposition. For the reasons explained below, these requests must be denied.

     The court first considers the request for additional time to file an opposition to defendants' reply. Once a party files a motion, the non-moving parties may file an opposition. L. R. 78-230(m). The moving party may reply to the opposition, and thereafter the matter is deemed submitted. *Id.* Thus, the Local Rules do not authorize a non-moving party, such as

1

1 plaintiff, to respond to a reply.  This court cannot grant time to file an unauthorized paper.
2 Plaintiff's request for time to file an opposition to defendant's reply on summary judgment must
3 be denied.

4     Plaintiff's request to correct his opposition to defendants' motion for summary judgment
5 also is devoid of merit.  In his request, plaintiff asserts that he requires "30 days to correct any
6 serious deficiencies" in his opposition, and he asks "for direction from the court as, [sic] plaintiff
7 is ignorant of the law, not versed in law whatsoever and having difficulty in representing himself
8 pro se in this litigation for several reasons."  Plaintiff does not identify a specific deficiency or
9 demonstrate that any part of his opposition requires supplemental briefing.  Rather, it appears
10 that he wants the court effectively to act as counsel.  This the court cannot do.  In the case of a
11 prisoner representing himself in civil rights litigation, the Ninth Circuit requires District Courts
12 to give basic advice about the minimum requirements for opposing a motion for summary
13 judgment.  *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc); *Klingele v.*
14 *Eikenberry*, 849 F.2d 409, 411-412 (9th Cir. 1988).  On October 5, 2004, the court informed
15 plaintiff of these requirements.   The court cannot give plaintiff advice beyond this.
16 Accordingly, plaintiff's request must be denied.

17     Accordingly, it is ORDERED that:

18     1. Plaintiff's two September 13, 2006, requests for additional time to oppose defendants'
19 reply are denied; and

20     2. Plaintiff's September 14, 2006, request for an extension of time to correct deficiencies
21 in his opposition to defendants' motion for summary judgment is denied.

22 Dated:   June 28, 2007.

23

24     EDMUND F. BRENNAN
    UNITED STATES MAGISTRATE JUDGE

25

26